IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES CASSIDY and JIM BURNHAM, JR., Trustees of Asbestos Workers Local Union No. 2 Welfare Fund, PATRICK F. BYRNE and JEFFREY BAYER, Trustees of Asbestos Workers Local Union No. 2 Pension and Annuity Funds, and ROBERT OTT and THOMAS MULHOLLAND, Trustees of Local Union No. 2 Joint Apprenticeship Program,<br><br>       Plaintiffs,<br><br>  vs.<br><br>ABSOLUTE INSULATION, INC.,<br><br>       Defendant. | Civil Action No. _____<br><br>***This document was electronically filed.*** |

## COMPLAINT

### Count I

1.     This Court has jurisdiction of these claims under §§502(a)(3), 502(f) and 515 of the Employee Retirement Income Security Act of 1974, as amended, (hereinafter "ERISA"), and §185 of the Labor-Management Relations Act, 1947, as amended, (hereinafter "LRMA").

2.     Plaintiffs are Trustees of various employee benefit plans (hereinafter "Funds").

3.    Local Union No. 2 is a labor organization whose offices are located in Pennsylvania and which was at all times relevant hereto the collective bargaining representative of some of Defendant's employees.

4.    The Trustees bring this suit on the Fund's behalf pursuant to the authorization of the Boards of Trustees of the Funds.

5.    The Funds are established to provide various benefits to employees of contributing employers.

6.    The Funds are administered by Trustees appointed by contributing employers and by Trustees appointed by the Local Union No. 2.

7.    The Trustees administer the Fund pursuant to the provisions of Trust Agreements.

8.    The Trustees of the Funds are fiduciaries within the meaning of ERISA.

9.    At all times relevant hereto, Defendant, Absolute Insulation, Inc., maintained an office in Canonsburg, Pennsylvania.

10. At all times relevant hereto, Local 2 and Defendant were parties to a collectively-bargained agreement.

11. Pursuant to the collectively-bargained agreement and the Trust Agreements of the Funds, Defendant at all times relevant hereto was obligated to make contributions to the Funds

and to prepare and submit periodic reports to the Trustees of the Funds concerning employees who are participants of the Funds.

12. In addition, pursuant to the agreement and the delinquency procedures of the Funds and pursuant to ERISA, Defendant was obligated to make certain payments if reports or contributions were not filed in a timely manner.

13. Defendant has failed to make timely contributions for employees who are employed by Defendant since June, 2008, in breach of the agreement, the Trust Agreements, rules and regulations of the Funds and in violation of §515 of ERISA and the LMRA.

WHEREFORE, Plaintiffs request:

1. That Defendant be ordered to pay all past due contributions.

2. That the Defendant be ordered to file timely reports and to pay timely all contributions to the Funds so long as Defendant remains a contributing employer to the Funds.

3. That the Funds be awarded reasonable attorneys' fees, liquidated damages, penalties and interest on all delinquent contributions, as well as costs of suit incurred by Plaintiffs up to the time of judgment.

4. That the Court order such other relief as it may deem to be just.

Respectfully submitted,

MEYER, UNKOVIC & SCOTT LLP


By: _/s/ Joseph A. Vater, Jr._____
      Joseph A. Vater, Jr.
      Pa. I.D.#23654


By: _/s/ Tony J. Thompson_____
      Tony J. Thompson
      Pa. I.D.#204609

      1300 Oliver Building
      Pittsburgh, PA 15222
      (412) 456-2800
      Attorneys for Plaintiffs